THE STATE EX REL. CHURCH MUTUAL INSURANCE COMPANY vs. CHEEK, Insurance Commissioner.

*May 27 — June 21, 1890.*

*Constitutional law: Corporations: Special or private law.*

Ch. 346, Laws of 1889, entitled "An act to enable members of the Methodist Episcopal Church, or of annual conferences, to form an insurance corporation, and to regulate the same," and which speaks throughout of but one organization, is *held* to authorize the formation of one corporation only, and hence to contravene sec. 31, art. IV, Const., prohibiting the legislature from enacting any special or private law "for granting corporate powers or privileges, except to cities."

MANDAMUS to the Commissioner of Insurance.

The following statement of the case was prepared by Mr. Justice CASSODAY:

February 25, 1890, the insurance company named filed its petition in this court alleging, in effect, that it was a corporation duly organized and existing under ch. 346, Laws of 1889; that it had completed its organization in due form of law, as required by that chapter, and had filed with said commissioner its articles of organization, as required thereby; that February 5, 1890, it filed with said commissioner due proofs of its proper organization, and that it had twenty-five *bona fide* applications for insurance, averaging at least $1,000 each, as required by said chapter, and then and there tendered to said commissioner a license fee of $10, and fully proved that all requirements of said act had been fully complied with, and then and there requested and demanded of said commissioner to issue a certificate to said petitioner to do business as such insurance company, and that it was duly organized and entitled to do business under the laws of this state; that said commissioner then and there refused, and still refuses, to issue

such certificate; that said petitioner had no other remedy except by writ of *mandamus* to compel said commissioner to issue such certificate; and therein prayed the issuing of an alternative writ of *mandamus* for the purpose mentioned. On said February 25, 1890, such alternative writ of *mandamus* was issued from this court, returnable March 18, 1890. Upon the return day of such writ the said commissioner, by the attorney general, moved this court to quash said writ for the reason that the relation does not set forth sufficient facts to impose upon the commissioner the duty of issuing such license, nor any other duty in the premises; and that said ch. 346, Laws of 1889, is unconstitutional and void.

In support of the motion to quash there was a brief by the *Attorney General* and *L. K. Luse*, Assistant Attorney General, and oral argument by the *Attorney General*.

*F. W. Hall*, *contra.*

CASSODAY, J. This is an amicable, though real, controversy to determine the validity of ch. 346, Laws of 1889. It is said to be in violation of that portion of the amendment of 1871 to article IV of the constitution which provides that: " Sec. 31. The legislature is prohibited from enacting any *special or private* laws . . . (7) for granting *corporate powers or privileges*, except to cities. . . . Sec. 32. The legislature *shall provide general laws* for the transaction of any business that may *be prohibited* by section 31 of this article, and all such laws *shall be uniform in their operation* throughout the state." The act in question undoubtedly granted " corporate powers and privileges." This is virtually conceded by the learned counsel for the company. The real controversy is whether the act is a " special or private " law. If it is, then it is conceded to be repugnant to the constitutional inhibition quoted.

The purpose of the act is therein declared to be for " in-

suring, upon the plan of mutual insurance, church and parsonage property against loss or damage by fire, lightning, or other casualties." The learned counsel for the company contend, in effect, that churches and parsonages are less exposed to such loss or damage than other property, and may therefore be safely insured at a cheaper rate, and hence that incorporations may be properly authorized for the sole purpose of taking such risks. There seems to be no valid objection to a reasonable classification of property with reference to such hazards, and the enactment of general and uniform laws, operative throughout the state, for the organization of insurance companies for such respective classes of hazards.

But the invalidity of the act in question is predicated upon other grounds. It is claimed that the act only authorizes one corporation, and limits the incorporators to persons having a certain religious belief; and hence, upon either of these grounds, is a special or private law, within the meaning of the constitutional provision quoted. It is entitled " An act to enable *members* of the Methodist Episcopal Church, or of annual conferences, to form *an insurance corporation*, and to regulate the same." The act throughout speaks of but one corporation or organization, and among other things, provides, in effect, that " any number of persons, not less than nine, who are residents of this state, and regular *members* of the Methodist Episcopal Church, or of an annual conference of said church, may form *a corporation* for the purpose " therein designated; that " the first nine persons signing the articles of organization shall be directors . . . until others are elected " (sec. 1); that " any church or church society, by its representatives, holding a policy in *this corporation* of the sum of $500, shall be a member of *this corporation* " (sec. 4); that the officers thereof make an annual verified statement of " *its* condition," and the " facts in regard to *its* business

or condition" (sec. 6); that "every member of *this* organization" shall, in the event stated, "notify the secretary" (sec. 7); that "any member of *this* corporation may withdraw, etc." (sec. 9).

Such being the nature of the act, we must hold that its purpose and object was to authorize the incorporation and organization of only one corporation, and hence is the same in effect as though the act had incorporated the company directly. Such a law is manifestly a special or private law, within the rulings of this and other courts. *State ex rel. Sanderson v. Mann,* 76 Wis. 469; *Nichols v. Walter,* 37 Minn. 264; *Long Branch v. Sloane,* 49 N. J. Law, 356; *State ex rel. Richards v. Hammer,* 42 N. J. Law, 435. Under a similar constitutional provision in Nebraska, it was held by the supreme court of the United States that an act authorizing a school district to issue bonds for the purpose of erecting a school building, procuring a site therefor, and for setting apart a fund to pay the same, was unconstitutional and void. *School Dist. v. Insurance Co.* 103 U. S. 707. The case is clearly distinguishable from *State ex rel. Baltzell v. Stewart,* 74 Wis. 620, cited by counsel. The attorney general cites Mr. Cooley to the proposition that "a statute would not be constitutional which should prescribe a class or a party for *opinion's sake,* or which should select particular individuals from a class or locality, and subject them to peculiar rules, or impose upon them special obligations or burdens, from which others in the same locality or class are exempt." Cooley, Const. Lim. (5th ed.), 483, 484 (*391).

The view we have taken of the act renders it unnecessary to determine whether it is also "special or private" by reason of the fact that the corporators are limited to members of the church or conference named.

The wisdom of the constitutional provision in question is not open to debate. While it exists, it is the imperative duty of the courts to enforce it. We must hold that the act

in question is a special or private law granting corporate powers and privileges, and hence is repugnant to the constitutional inhibition quoted, and is therefore void.

*By the Court.*— The motion to quash the alternative writ of *mandamus* is granted.